IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GANETTE L. GRIMSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:10cv700-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

On November 8, 2011, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  (Doc. # 16).  The Commissioner objects to an award of fees because his "position was substantially justified." (Def's Res., doc. # 22, at 1).

Contending she was disabled, the plaintiff applied for and was denied child's insurance benefits (CIB) by the Commissioner.  After her application was denied, she sought judicial review in this court. On September 8, 2011, the court concluded that the ALJ erred as a matter of law and remanded the case for further proceedings.

A Social Security disability claimant is a prevailing party entitled to seek EAJA fees when the claimant obtains a remand for reconsideration of her case by the Commissioner.  *See Shala v. Schaefer*, 509 U.S. 292, 300-01 (1993).  Thus, the plaintiff is a prevailing party.

Under the EAJA, the court "shall award" attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an

award unjust." 28 U.S.C. § 2412(d)(1)(A). *See also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person - i.e. when it has a reasonable basis in both law and fact. The government bears the burden of showing that its position was substantially justified." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Eleventh Circuit repeatedly has recognized that "exclusive reliance on the grids is not appropriate either" (1) "when the claimant is unable to perform a full range of work at a given residual functional level"; or (2) "when a claimant has non-exertional impairments [i.e., impairments not related to strength] that significantly limit basic work skills."[1] *See Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004) (internal brackets omitted); *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989); *Passopulos v. Sullivan*, 976 F.2d 642, 648 (11th Cir. 1992) ("This court has recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of the claimant's nonexertional impairments are so severe as to prevent a full range of employment at the designated level.").

> The general rule is that after determining the claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform. However, "[e]xclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills." . . . Therefore, we must determine whether

---

[1] Nonexertional activities include maintaining body equilibrium, crouching, bending, stooping, using fingers, seeing, hearing or speaking, mental functions and tolerating environmental working conditions. S.S.R. 83-14. Reliance solely on the grids is inappropriate when nonexertional limitations are present because the grids take into account only exertional limitations in classifying levels of work as sedentary, light, medium or heavy and do not address nonexertional limitations. *See Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

> *either* of these two conditions exists in this case. If *either* condition exists, the ALJ was required to consult a vocational expert.

*Phillips*, 357 F.3d at 1242 (emphasis and alteration in original and *quoting Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985)). *See also, Foote v. Chater*, 67 F.3d 1553, 1557 (11th Cir. 1995); *Allen*, 880 F.2d at 1202; *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The ALJ found that Grimsley suffers from both exertional and non-exertional limitations that affect her residual functional abilities and limit her range of work. Therefore, the ALJ was then required to consult a vocational expert and make specific findings of fact regarding Grimsley's abilities to perform work before relying on the grids.

> If the ALJ concludes that [Grimsley] cannot perform a full range or unlimited types of work at the sedentary level given her exertional limitations, then the ALJ must consult a vocational expert to determine whether there are significant jobs at the sedentary work level within the national economy that [Grimsley] can perform.

*Phillips*, 357 F.3d at 1342.

The ALJ did not obtain independent evidence of the existence of jobs as required by the law of this circuit, and the ALJ failed to explain why in this complex and difficult case, he chose to base his opinion on the grids as a framework, especially when a vocational expert was present to testify. The court concluded that "the law of this circuit demands that in order for the ALJ to conduct the required individualized assessment of Grimsley a vocational expert should have been consulted at step five of the sequential analysis to determine whether someone with her compromised abilities can perform any jobs in the national economy." (Mem. Op., doc. # 14 at 13-14). Because the ALJ failed to comply with the legal requirement that he utilize a vocational expert to determine whether Grimsley could perform work at the sedentary level, the ALJ committed legal error requiring a remand for further proceedings.

Thus, the Commissioner's position in this litigation did not have a reasonable basis in law. *Pierce* requires that the government's position be reasonable *both* in fact and law to be substantially justified.

The Commissioner argues that the plaintiff is not entitled to fees because "[t]he ALJ's finding was reasonable and consistent with the agency's policy." (Def's Res., doc. # 20, at 3). The defendant's position completely misses the mark. The ALJ must comply with the law of this Circuit, not merely rely on the 'agency's policy." Moreover, the arguments presented by the Commissioner merely rehash his arguments in support of the ALJ's determination. The court remanded the case because the ALJ failed in *his* duty to secure and utilize a vocational expert. Consequently, the Commissioner's position was not reasonable in law and was not substantially justified. The plaintiff is entitled to an award of fees under EAJA.

The plaintiff seeks fees in the amount of $4,423.97. The Commissioner does not challenge any of the hours expended by counsel as unreasonable nor does he challenge the hourly rate. Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the motion for attorney's fees (doc. # 16) be and is hereby GRANTED and the plaintiff be and is hereby AWARDED fees in the amount of $4,423.97.[2]

Done this 27th day of January 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[2] 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party. *See* 28 U.S.C. § (d)(2)(B). On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, — S.Ct. —, 2010 WL 2346547 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney. *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney."). Thus, fees are awarded directly to the plaintiff.